UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREA WOOD,<br><br>                     Plaintiff,<br><br>v.<br><br>KEVIN EIKENBERRY, *et al.*,<br><br>                     Defendants. | Case No. 3:24-CV-00170-MMD-CLB<br><br>**ORDER STRIKING NOTICE – ADDITIONAL DEFENDANTS AND DENYING MOTION FOR A HEARING**<br><br>[ECF Nos. 7, 8] |

Before the Court are two documents filed by Plaintiff Andrea Wood ("Wood"): (1) "Notice – Additional Defendants"; and (2) Motion for a Hearing. (ECF Nos. 7, 8.) Each is addressed in turn.

**I.     DISCUSSION**

    **A.     Notice – Additional Defendants**

First, Wood's "Notice – Additional Defendants", (ECF No. 7), appears to be an attempt to amend her complaint to add two new defendants.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(2) further instructs that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Further, LR 15-1 requires a party to attach proposed amended pleadings to a motion seeking leave of court to file an amended pleading.

Here, Wood filed her "Notice" without leave and without an accompanying motion or points and authorities in support of the proposed amended complaint. Accordingly, the Court will strike Wood's "Notice – Additional Defendants", (ECF No. 7), for her failure to follow Fed. R. Civ. P. 15, and LR 15-1 and direct Wood to file an appropriate motion to

amend or amended complaint to the extend she seeks to add defendants.

### B. Motion for Hearing

Next, Wood's "Motion for Hearing" states an "Urgent Hearing date is requested to stop the theft of property without being even noticed." (ECF No. 8.) Wood's motion is insufficient, as she has not provided the Court with sufficient information or a valid basis to hold a hearing. All motions must be supported by a memorandum of points and authorities and the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. LR 7-2(a), (d). Accordingly, the motion for hearing is denied.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that Wood's "Notice – Additional Defendants", (ECF No. 7), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Wood's Motion for Hearing, (ECF No. 8), is **DENIED**.

**DATED**: May 17, 2024.

**UNITED STATES MAGISTRATE JUDGE**