UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREA WOOD, | Case No. 3:24-cv-00170-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| KEVIN EIKENBERRY, *et al.*, | |
| Defendants. | |

Plaintiff Andrea Wood filed a document titled 'Fraud Claims to Commit Grand Theft' regarding a lien placed on a property in Moraga, California (ECF No. 1-1) that United States Magistrate Judge Carla L. Baldwin construed as a complaint alleging violations of Wood's Constitutional rights under 42 U.S.C. § 1983 (ECF No. 4). In compliance with Judge Baldwin's order (*see id.*), Wood paid the filing fee (ECF No. 5) and filed several other motions (ECF Nos. 7, 8, 12, 13). Judge Baldwin denied two of those motions. (ECF No. 10.) As this appeared (and appears) to be a dispute about a property in Northern California involving defendants exclusively from Northern California, the Court ordered Wood to show cause why venue was proper in this District within 14 days or face dismissal. (ECF No. 15 ("OSC").) While Wood proceeded to file another motion (ECF No. 16) and a certificate of interested parties (ECF No. 18), she did not timely respond to the Court's OSC. In line with the Court's warning in the OSC—and as further explained below—the Court will accordingly dismiss this case without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (affirming

dismissal for failure to comply with court order).[1] In determining whether to dismiss an action on these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing it. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted).

///

---

[1] And as stated in the OSC, the Court may dismiss this case for improper venue if Wood fails—as she has—to satisfactorily respond to it. (ECF No. 15 (citing *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (citation omitted)).)

Because this action cannot realistically proceed unless and until Wood responds to the Court's OSC, the only alternative is to enter another order setting another deadline. But the information before the Court both suggests that she will not, and that even if she did, venue would not be proper in this Court. First, Plaintiff has filed two documents since the Court issued the OSC without responding to it. (ECF Nos. 16, 18.) This suggests that Wood does not intend to respond to the OSC. Second, the documents Wood filed after the Court issued the OSC argue (consistent with the documents she filed before the Court issued the OSC) this case is about a property in Northern California involving only defendants who reside in Northern California. (ECF No. 16 at 1 (stating there are up to three defendants), 2 (indicating the dispute is about a property in Moraga, California), 5 (listing addresses in Walnut Creek and San Leandro, California); ECF No. 18 at 2 (listing addresses in Walnut Creek and San Leandro, California).) Thus, even considering the information in Wood's filings that post-date the OSC, venue does not appear proper in this District. The fifth factor accordingly favors dismissal.

In sum, having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Wood's failure to timely respond to the Court's OSC and because the information before the Court suggests that venue is improper in this District.

It is further ordered that Wood's pending motions (ECF Nos. 12, 13, 16) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

DATED THIS 8th Day of July 2024.

---

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE